IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

WESTERN DISTRICT, AUGUST TERM, 1824.*

### ABERCROMBIE vs. CAFFRAY & AL.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The petitioner, widow of the late Lyman Harding, claims from his son and heir by a former marriage, the *marital portion*, on an allegation that she brought no dowry, and that she has been left in necessitous circumstances although her husband died rich.

The marriage was contracted in the state of Massachusetts. The domicil of the husband being at the time in the state of Mississippi, and continued so until his decease.

Two questions have been raised in argument. 1st. Is the plaintiff entitled to the *ma-*

A widow is entitled to the *marital portion* though she was married and resided and her husband died in another state.

3ns 1
44 508

---

West'n District, *rital portion?* 2nd. If she be, whether she should
Aug. 1824.

ABERCROMBIE take the usufruct, or the full property of the
vs.
CAFFRAY & AL. fourth part of the estate?

West'n District, Aug. 1824.

ABERCROMBIE
vs.
CAFFRAY & AL.

The difficulty of deciding the first question, arises from the conflict of two general, and well established principles of jurisprudence.

The plaintiff contends, that real estate on the death of the owner, must be distributed according to the laws of the country where it is situated.

The defendants urge, that it is in virtue of the contract of marriage the plaintiff can have any claim on the estate, and that this contract mut be governed by the laws of the husband's domicil.

We think the rule first mentioned must prevail. The law speaks generally of the wife, without distinguishing, whether she be domiciled in this state or not. It admits a foreign heir to take the property, and we are unable to see why it should reject the widow, who is a stranger, for her portion. It is true that in virtue of a contract made in another country she obtained the quality of wife; but if it be no objection to the child that he proceed from a marriage out of the jurisdiction of the state, no satisfactory reason has suggested itself to us, why this

circumstance should operate against the wi-
dow, who, according to our law, is considered
in the light of an heir, and takes by inheritance.
*Partida* 6, 13, 7.

The strongest reason that can be offered
against her right is, that in contracting in an-
other country, she intended to be governed by
its laws in every thing relating to her marriage.
Admitting this to be true, it cannot be con-
sidered as an abandonment on her part, or re-
nunciation of the advantages which the posi-
tive laws of other countries might confer on
her.    A marriage in Scotland, entitles the wife
to dower of her husband's real estate situated in
England. 2 *Henry Blackstone,* 146—2 *Johnson's
cases,* 29.

The judge of the court of probates, to whom
this claim was first presented, directed that as
the intestate left a child, the widow should on-
ly take the one fourth of the estate in usufruct.
On an appeal to the district court, the judge of
that tribunal considered she was entitled to the
one fourth in full property. The reason as-
signed here for that decree is, that the child of
the deceased proceeded from a former mar-
riage, and that by the Roman law, the wife on
such an event took not as an usufructory, but as
owner, and that such was the law of Spain.

West.n District,
*Aug.* 1824.

ABERCROMBIE
*vs.*
CAFFRAY & AL.

By the law of the *Partidas*, already cited, it is declared " that if the husband should not leave his wife the means of living independently, and she should not possess them herself, she may *inherit* one fourth of the whole, *notwithstanding he should leave children*."

By our code, a wife under the same circumstances has a right " to take out of the succession of the deceased, what is called the *marital portion*—that is the fourth part of said succession in full property *if there be no children*." *C. Code* 334, *art.* 55.

This law clearly repeals that of the *Partidas*, by virtue of which the widow took whether there were children or not, and without distintinguishing from what marriage they sprung. It would be strange then to hold that the right given her by the positive law of Spain to claim the one fourth in full property was taken away by our code ; but that a provision of the Roman law to the same effect is still binding here, and that too, because it was in force in that country, whose direct legislation on the same subject has been repealed.

But that law could not have been in force there ; for as we have already seen, the wife took one-fourth in full property whether the

husband left children, or not. Consequently

all enquiry as to the mother was done away, for whether they were her children, or her husband's by a former wife, the result was the same.

Independent of this reason, it is satisfactorily shewn to us, that the provisions of the Roman law on the subject of marital portion, were not of authority in Spain. Febrero states, that according to the jurisprudence of Rome, where the children were three or four, the widow only took a child's part; but that this rule was not observed in Spain, because the law of the *Partidas* made no distinction as to the number *Febrero, p.* 2, *lib.* 2, *cap.* 3, § 4.

On the same principle we must decide this case. Our law makes no distinction between children of the different marriages, and we cannot. This rule of construction is almost daily acted on by this court. We could not adopt that contended for, without doing a great violence to the text. The code says the widow shall have the fourth in full property, *if there be no children.* Were we to give the plaintiff the one fourth, when the intestate has left a son, we would be doing one of two things, either disobeying the express words of the law, or

West'n District,
*Aug.* 1824.

ABERCROMBIE
*vs.*
CAFFRAY & AL.

saying that a descendant of a former marriage was not one of his children.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and it is further ordered, adjudged and decreed, that the judgment of the probate court be also annulled, inasmuch as it gives to the plaintiff a portion of the personal estate; and proceeding to give such judgment as in our opinion ought to have been given; it is ordered and decreed that the plaintiff do recover of the defendants possession of one fourth part of the real estate of which Lyman Harding died owner in this state, to be held and enjoyed by the said plaintiff in usufruct, for and during the term of her natural life, subject however to the payment of one fourth part of the debts due by the succession of said Harding, and further that the defendants pay the costs in the court of probates, and the plaintiff those of the appeals.

*Baker* for plaintiff, *Brownson* for defendants.